**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SUNLINE USA LLC, d/b/a SUNLINE SUPPLY**, | **CIVIL ACTION** |
| Plaintiff, | **NO. 22-1650-KSM** |
| *v.* | |
| **EZZI GROUP, INC.,** | |
| Defendant. | |

**MEMORANDUM**

**MARSTON, J.**                                                              **August 25, 2022**

Plaintiff Sunline USA LLC d/b/a Sunline Supply brings this breach of contract action against Defendant Ezzi Group, Inc. (Doc. No. 1.)  Sunline seeks $1,428,000 in damages, plus attorneys' fees, interest, and costs. (*Id.*)

Presently before the Court is Plaintiff's Motion for Alternative Service. (Doc. No. 4.) For the reasons discussed below, the Court grants the motion.

**I.      *Factual Background***

Sunline filed this lawsuit against Ezzi on April 28, 2022. (Doc. No. 1.)  Despite filing this action almost four months ago, Sunline has not yet effected service upon Ezzi. (*See* Doc. No. 4.)

Sunline has taken several steps to locate and serve Ezzi, a Canadian corporation.  First, on April 29, Sunline emailed and mailed a copy of the Complaint, Summons, Notice of Lawsuit and Request to Waive Service of Summons, and the Waiver of Service of Summons (the "Complaint Package") to Ezzi's Canadian counsel, Paul Cancilla. (*Id.*, Ex. A at 11.)  However,

on May 2, Mr. Cancilla advised that he was not authorized to accept service on behalf of Ezzi. (*See id.*, Ex. B at 13 ("Please be advised that our firm is not in a position to accept service on behalf of Ezzigroup [sic] Inc., as we will not be representing the corporation in connection with a legal proceeding in Pennsylvania.").)  Then, on May 11, Sunline mailed via Federal Express a copy of the Complaint Package to Ezzi's last known address:  9011 Leslie Street, Suite 306, Richmond Hill, ON, Canada L4B 3B6.  (Doc. No. 4-2, Ex. C at 16; Doc. No. 4 at 3.)  Although the Federal Express tracking system indicated that the Complaint Package was delivered to Ezzi's receptionist on May 12 (Doc. No. 4, Ex. D at 48), Ezzi did not respond nor did it complete the waiver form (Doc. No. 4-5 at ¶ 1(b)).

Next, on June 14, Sunline attempted to serve Ezzi by emailing the Complaint Package to Richard Oertli, an attorney who Sunline learned represents Ezzi in an active lawsuit currently pending in the United States District Court for the District of Colorado.[1]  (Doc. No. 4, Ex. E at 50; Doc. No. 4-5 at ¶ 1(c).)  Mr. Oertli responded that he would ask Ezzi if he was authorized to accept service on its behalf.  (Doc. No. 4-2, Ex. H at 53.)  On June 21, Sunline followed up with Mr. Oertli, and Mr. Oertli explained that he had not heard back from his client.  (Doc. No. 4-2, Ex. I at 56 ("I have not heard from Mr. Rasouli.  So there is nothing I can tell you.").)  Sunline followed up again on June 29 and reminded Mr. Oertli that Ezzi's deadline to respond to the waiver would expire on July 8.  (Doc. No. 4, Ex. J at 69.)  Mr. Oertli responded that he would forward the email to his client, and stated, "As I have indicated, I do not represent Ezzi in that matter."  (*Id.*)

---

[1] Ezzi was served with the complaint in the Colorado lawsuit at its Leslie Street address on February 4, 2022.  (Doc. No. 4-2, Ex. F at 47.)  On June 30, 2022, Mr. Oertli filed a motion for an extension on Ezzi's behalf.  (Doc. No. 4-2, Ex. G at 49–50.)  Sunline asserts that this shows "Ezzi is actively participating in the Colorado Lawsuit and is clearly communicating with Attorney Oertli."  (Doc. No. 4 at 4.)

Using a process server, Sunline then attempted to serve Ezzi in person at its Leslie Street address on July 12, 2022.  (Doc. No. 4-2, Ex. K at 66–69.)  On July 26, the Canadian process server reported that his attempts at personal service were unsuccessful.  (*Id.* at 66.)  The process server reported, "Ezzi is no longer at or known to the beauty salon at unit 306 who have been there less than a year.  Their website is down and their listed phone number 647-388-1818 goes directly to a computer message, 'not initialized by user.'  No message can be left."  (*Id.*)

Sunline now moves for an Order permitting alternative service of the complaint by email to Attorney Oertli at dickoertli@gmail.com.  (Doc. No. 4.)

## II.   *Legal Standard*

Federal Rule of Civil Procedure 4(f) governs service of a defendant located in a foreign country.  *See* Fed. R. Civ. P. 4(f); *see also Crockett v. Luitpold Pharmaceuticals*, Civil Action No. 19-276, 2020 WL 4039046, at *1 (E.D. Pa. July 17, 2020) ("[Rule] 4(f) describes how service must be made on a defendant located in a foreign country.").  Rule 4(f) states that a defendant may be served "at a place not within any judicial district of the United States" by one of three methods:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; [2]

---

[2] The Hague Convention does not apply where the defendant's address is unknown.  *See Braverman Kaskey, P.C. v. Toidze*, 599 F. App'x 448, 452 (3d Cir. 2015) ("When a defendant's address is unknown, as is the case here, the Hague Convention 'shall not apply.'" (citation omitted)); *Celgene Corp. v. Blanche Ltd.*, Civil Action No. 16-501(SDW)(LDW), 2017 WL 1282200, at *3 (D.N.J. Mar. 10, 2017) ("[T]he Hague Convention, by its own terms, does not apply when 'the address of the person to be served is unknown.'  Although Plaintiff identified an address associated with Blanche, its investigators determined that Blanche maintains no actual presence at that address.  Accordingly, Blanche's address may be considered unknown for the purpose of the Hague Convention." (citation omitted)); *see also List v. Carwell*, Case. No. 18-cv-2253(DSD/TNL), 2018 WL 6787662, at *3 (D. Minn. Dec. 26, 2018) ("While Canada and the United States are signatories to the Hague Convention, the Convention does not apply where the address of the person to be served with the document is not known.' . . . Without an address, Plaintiffs are not able to serve Let It Ride under the Hague Service Convention." (citation omitted)).

3

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

> (C) unless prohibited by the foreign country's law, by:

>> (i) delivering a copy of the summons and of the complaint to the individual personally; or

>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). Sunline seeks to effectuate service on Ezzi pursuant to Rule 4(f)(3).

"As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002); *see also Crockett*, 2020 WL 4039046, at *1. The "task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" lies with the district court. *Rio Props., Inc.*, 284 F.3d at 1016; *see also Crockett*, 2020 WL 4039046, at *1.

"[A]ny alternative method of service completed pursuant to Rule 4(f)(3) must comport with due process requirements." *Crockett*, 2020 WL 4039046, at *3. "Due process is satisfied when the alternative method of service provides notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an

---

Here, Ezzi's address is unknown as there was no indication that Ezzi was still located at the Leslie Street address when the process server attempted to serve Ezzi there. (*See* Doc. No. 4-2, Ex. K at 66–69.)

4

opportunity to present their objections." *Id.*

As one court in this Circuit has noted, "[c]ourts have granted motions for alternative service when the movant has shown that there is no international agreement prohibiting service by the proposed method, that the proposed method of service is reasonably calculated to provide the defendant notice, and that the movant has made a good faith effort to locate the defendant." *Celgene*, 2017 WL 1282200, at *2 (collecting cases).

### III.    *Discussion*

Here, Sunline seeks to effectuate alternative service on Ezzi pursuant to Rule 4(f)(3) through Ezzi's U.S. counsel, Mr. Oertli.  The Court agrees that alternative service is proper in this case.

First, Sunline has made a good faith effort to locate and serve Ezzi.  Sunline has attempted to serve Ezzi's Canadian counsel, Mr. Cancilla, and Ezzi's domestic counsel, Mr. Oertli; it has also attempted to effectuate personal service at Ezzi's last known address and service on Ezzi via mail.

Second, as far as this Court is aware, there is no international agreement prohibiting service on Ezzi, a Canadian corporation, through its domestic counsel.

Third, effectuating service on Mr. Oertli is reasonably calculated to provide Ezzi notice. "So long as there exists adequate and recent contact between a foreign defendant and their domestic counsel, service on domestic counsel is sufficient to ensure that the defendant will receive notice of the suit." *Crockett*, 2020 WL 4039046, at *3 (citations omitted); *see also I.M. Wilson, Inc. v. Otvetstvennostyou "Grichko"*, Civil Action No. 18-5194, 2018 WL 6446601, at *3 (E.D. Pa. Dec. 10, 2018) ("[S]ervice through U.S. counsel is reasonably calculated to notify [the defendants] of this litigation.  Reportedly, [the counsel] is actively representing [the

defendants] in a number of opposition and cancellation proceedings before the Trademark Trial and Appeal Board involving the same trademarks at issue in this case.  [The plaintiff] has communicated with [the defendants' counsel] concerning these actions and therefore has the correct contact information for him.  [The defendants' counsel] can reasonably inform the defendants about this litigation given his ongoing professional relationship with and duties to the defendants."); *LG Elecs, Inc. v. ASKO Appliances, Inc.*, Civil Action No. 08-828 (JAP), 2009 WL 1811098, at *4 (D. Del. June 23, 2009) (finding alternative service proper under Rule 4(f)(3) where "the regularity of the contact between [the defendant] and [defendant's counsel] clearly demonstrate[d] that [the defendant was] on notice of the contents of the instant complaint").

Here, Mr. Oertli represents Ezzi in an ongoing litigation in the District of Colorado, and Sunline has the correct contact information for Mr. Oertli, as evidenced by the email exchanges between the Sunline's counsel and Mr. Oertli relating to service in this action.  Further, Mr. Oertli has the correct contact information for Ezzi, as he represented that he forwarded Sunline's emails to his client.  The Court finds that Mr. Oertli can reasonably inform Ezzi about this litigation given his ongoing representation of Ezzi in the Colorado action.[3]

Because Sunline has made a good faith effort to locate and serve Ezzi, there is no international agreement prohibiting service through domestic counsel, and the proposed method of service is reasonably calculated to provide Ezzi notice of the instant action, the Court will

---

[3] Although Mr. Oertli indicated to Sunline's counsel that he was not authorized to accept service, the Court is not persuaded that service on Ezzi via Mr. Oertli is prohibited.  *See RSM Prod. Corp. v. Fridman*, No. 06 Civ. 11512(DLC), 2007 WL 2295907, at *6 (S.D.N.Y. Aug. 10, 2007) (explaining that "[c]ourt-ordered service on counsel made under Rule 4(f)(3) serves as effective authorization "by law' for counsel to receive service).

grant Sunline's motion.

### IV. *Conclusion*

For these reasons, Sunline's motion to use alternative methods to effectuate service upon

Ezzi is granted.

An appropriate Order follows.